45 F.3d 431
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Joseph E. SENK, Plaintiff-Appellant,
v.
VILLAGE OF NORTHFIELD, et al., Defendants-Appellees.
 No. 93-3899.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1994.
 
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and ZATKOFF,[1] District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff filed this action, pursuant to 42 U.S.C. Sec. 1983, alleging that the defendant EMTs and the City of Northfield were deliberately indifferent to his serious medical needs. The District Court granted summary judgment for defendants, and plaintiff appealed. We affirm.
 
 I.
 
 2
 On May 12, 1990, police officers employed by the Village of Northfield, Ohio, responded to a domestic disturbance call at the Senk residence. The first officer on the scene requested assistance from the Sagamore Hills Police Department, and several officers responded.
 
 
 3
 Senk told the officers that he and his wife had been fighting and that he had been drinking. Mrs. Senk told the officers her husband had beaten her, and that she was having trouble breathing, had abdominal pains and could taste blood in her mouth.
 
 
 4
 The officers summoned a rescue squad for Mrs. Senk, and escorted Mr. Senk to a patrol car. Mrs. Senk indicated that she wanted to press charges against her husband, and one of the officers went to the patrol car to inform Senk that he was going to be taken into custody.
 
 
 5
 An altercation ensued. Senk became enraged, kicked out the side window of the police car and freed himself from the back seat of the car. He allegedly attempted to take an officer's weapon. Four officers were needed to assist in subduing Senk. Senk sustained numerous injuries in the process, and a second ambulance was needed.
 
 
 6
 The police ordered the Emergency Medical Technicians ("EMTs") on the scene to take Senk to the police station. The EMTs briefly examined Senk, and determined that he had a strong pulse, an unobstructed airway, and no external life-threatening injuries. Senk was transported face down on a cot, the way the police had secured him. He was conscious at the time police secured him. Senk lost consciousness, and the EMTs decided it was necessary to take Senk to the hospital.
 
 
 7
 At the hospital, the staff discovered that Senk had gone into respiratory arrest. The staff immediately established a better airway and administered oxygen via a bag valve mask. The EMTs had used an oxygen face mask, rather than the bag-valve mask, due to the positioning of plaintiff on his stomach. Plaintiff lapsed into a coma and suffered brain damage and stroke-induced blindness as a result of oxygen deprivation.
 
 II.
 
 8
 Senk brought suit against the EMTs and the municipality alleging that he was in great need of medical assistance and the EMTs were deliberately indifferent to this need. The District Court granted summary judgment for the defendants. A district court's grant of summary judgment is reviewed de novo. Pinney Dock & Transp. Co. v. Penn Cent. Corp. 838 F.2d 1445, 1472 (6th Cir.), cert. denied 488 U.S. 880 (1988).
 
 
 9
 In order to sustain a cause of action against individual defendants under Sec. 1983 for violation of his Fourteenth Amendment rights as a result of inadequate medical care, a plaintiff must establish that defendants acted with "deliberate indifference to his serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291 (1976). It is well settled that mere negligence will not sustain such a claim. Moulton v. City of Cleveland, 839 F.2d 240, 243 (6th Cir.1988); Roberts v. City of Troy, 773 F.2d 720, 724-25 (6th Cir.1985). Plaintiff must show deliberate indifference which is tantamount to "intent to punish." Moulton, supra, at 243.
 
 
 10
 In attempting to meet this burden, Senk listed "transport failures," "communications failures," "assessment failures" and "treatment failures." Senk argues that allowing the police to determine the manner of transport, failing to contact the hospital directly, performing only a cursory visual inspection, failing to insert an oral airway into the mouth and throat of the unconscious patient and the use of an oxygen demand mask, rather than a bag valve mask, rises to deliberate indifference.
 
 
 11
 This Court disagrees. The case revolves around the propriety of the treatment decisions made by the EMTs. At most, plaintiff has shown negligence. The evidence presented does not rise to a level which would indicate that the EMTs showed a deliberate indifference which borders on an intent to punish the plaintiff by withholding medical treatment.
 
 
 12
 The EMTs, in fact, made the determination to take plaintiff to the hospital after being instructed to take him to the police station. The EMTs monitored the plaintiff's vital signs and administered oxygen via a demand mask. Although patients are normally transported on their backs, the EMTs faced the risk that plaintiff would regain consciousness and become combative. As a result, only the oxygen mask could be used. Under such circumstances, plaintiff has made an insufficient showing to survive summary judgment. Although the District Court's reliance upon Nishiyama v. Dickson County, Tenn., 814 F.2d 277 (6th Cir.1987), was misplaced--as the case does not address deliberate indifference to serious medical needs--the District Court did not err in granting the EMTs' motion.
 
 III.
 
 13
 The District Court also granted summary judgment as to the EMTs in their official capacity, as well as the city's motion for summary judgment on a claim of failure to train. Under Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) and Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978), because plaintiff has failed to show that the medical assistance was sufficiently inadequate to amount to a constitutional violation, neither of the claims can stand. Accordingly, the District Court did not err in granting the city's motion.
 
 IV.
 
 14
 For the reasons stated herein, the Judgment of the District Court is AFFIRMED.
 
 
 
 [1]
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation